Cite as 2022 Ark. App. 425

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-22-6

| | |
|---|---|
| SYLVIA TILLERY | Opinion Delivered October 26, 2022 |
| APPELLANT/CROSS-APPELLEE | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. G605938] |
| V. | |
| ALMA SCHOOL DISTRICT; ARKANSAS SCHOOL BOARDS ASSOCIATION; AND DEATH AND PERMANENT TOTAL DISABILITY TRUST FUND | AFFIRMED ON DIRECT APPEAL AND ON CROSS-APPEAL |
| APPELLEES/CROSS-APPELLANTS | |

## PHILLIP T. WHITEAKER, Judge

Sylvia Tillery appeals an order of the Arkansas Workers' Compensation Commission limiting her wage-loss disability to 10 percent to the body as a whole. The Alma School District (District) cross-appeals, arguing that Tillery was not entitled to wage-loss disability because she declined participation in an offered vocational-rehabilitation program. We affirm on both direct appeal and on cross-appeal.

While working as a custodian with the District, Tillery suffered an admittedly compensable back injury. She received both conservative and surgical treatment for her injury. Her treating physician, Dr. James Blankenship, subsequently determined that Tillery had reached maximum medical improvement and assessed a 13 percent impairment rating. The District accepted his assessment and began paying permanent partial-disability benefits

based on that rating. Tillery, however, claimed that she was entitled to permanent benefits in excess of the 13 percent impairment rating.

At the direction of Dr. Blankenship, Tillery underwent a functional capacity evaluation (FCE). She gave a reliable effort during the FCE, and the FCE indicated that she was able to perform work within the medium classification. Dr. Blankenship reviewed the FCE and opined that Tillery could not return to her job as a custodian with the District. He also opined that Tillery would be limited to performing a sedentary job with a permanent weight-lifting restriction of twenty pounds. In light of Tillery's physical limitations, Dr. Blankenship assigned her an impairment rating of 10 percent to the body as a whole and released her from his care. Tillery disagreed with this impairment rating and requested a hearing.

Following this release, the District requested that Tillery undergo a vocational-rehabilitation evaluation (VRE), which was performed by Heather Taylor, a vocational-rehabilitation specialist, in February 2021. Taylor reported that Tillery expressed a desire to continue working and seemed motivated to do so. Tillery also expressed an interest in acquiring new skills, such as typing, word processing, or other computer-related skills, which would allow her to perform a lighter-type job in the future.

After having analyzed Tillery's work history and transferable skills, Taylor recommended the following training programs at the Arkansas Tech University–Ozark campus: Certificate of Proficiency–Office Support Specialist; Technical Certificate–Business Technology; and Associate of Applied Science–Business Technology. Taylor reported that

these recommended programs would not begin until August 2021 and that Tillery would need to enroll in computer training as a prerequisite before she could enroll in these programs. Taylor further reported that Tillery could receive the prerequisite free computer training at any time at ATU–Ozark.

Instead of beginning the computer classes at ATU–Ozark, Tillery enrolled in computer classes at the Van Buren Adult Education Center. She also contacted the American Indian Services of Arkansas (AISA) and began on-the-job training for twenty hours a week at eleven dollars an hour. Because Tillery did not follow Taylor's recommendations, the District took the position that Tillery was not entitled to any wage-loss disability.

The parties proceeded to a hearing before an administrative law judge (ALJ) on Tillery's claim for wage-loss disability. After hearing the testimony and reviewing the evidence, the ALJ disagreed with the District, stating that he could not find that Tillery had refused to participate in a program of vocational rehabilitation or job-placement assistance. As a result, the ALJ did not find that Tillery had waived or refused to cooperate or participate in an offered program of rehabilitation or job-placement assistance. Therefore, she was not barred from receiving benefits in excess of her permanent physical impairment. The ALJ then went to the evidence Tillery's wage-loss-disability claim. Considering all the factors set forth in Arkansas Code Annotated section 11-9-522(b)(1) (Repl. 2012), including her age, education, and work experience, the ALJ found that she suffered a loss in wage-earning capacity equal to 10 percent to the body as a whole.

Both parties appealed the ALJ's adverse findings to the Full Commission. After reviewing the record, the Commission affirmed and adopted the decision of the ALJ.

Both parties have now appealed.

Tillery argues that the Commission erred in the amount of wage-loss disability awarded. When a claimant has an impairment rating to the body as a whole, the Commission has the authority to increase the disability rating on the basis of wage-loss factors. *Calhoun v. Area Agency on Aging of Se. Ark.*, 2021 Ark. 56, 618 S.W.3d 137. The wage-loss factor is the extent to which a compensable injury has affected the claimant's ability to earn a livelihood. *Id.* In making a wage-loss-disability determination, the Commission should examine the medical evidence, the worker's age, her education, her work experience, and any other matters that may affect future earning capacity, including motivation and attitude about reentering the work force. Ark. Code Ann. § 11-9-522(b). Here, Tillery was issued a 13 percent permanent-impairment rating, which was accepted by the District. She contends that the Commission erred in setting her wage-loss-disability benefit at 10 percent to the body as a whole.

The District argues that Tillery is not entitled to a wage-loss-disability award because she waived such award by refusing its offer of vocational rehabilitation. Ark. Code Ann. § 11-9-505(b)(3) (Repl. 2012) contains a statutory limitation regarding wage loss:

> The employee shall not be required to enter any program of vocational rehabilitation against his or her consent; however, no employee who waives rehabilitation or refuses to participate in or cooperate for reasonable cause with either an offered program of rehabilitation or job placement assistance shall be entitled to permanent partial

disability benefits in excess of the percentage of permanent physical impairment established by objective physical findings.

As the employer relying on the defense enumerated in § 11-9-505(b)(3), the District bears the burden of showing that the claimant refused to participate in a program of vocational rehabilitation or job-placement assistance or, through some other affirmative action, indicated an unwillingness to cooperate in those endeavors and that such refusal to cooperate was without any reasonable cause. *See Burris v. L&B Moving Storage*, 83 Ark. App. 290, 123 S.W.3d 123 (2003). Because Tillery's claim depends, in part, on whether the District's claim is valid, we approach the District's cross-appeal first.

The District argues that it offered Tillery the opportunity to complete a program of vocational rehabilitation specifically recommended by Taylor in the VRE. Instead of accepting this offer, Tillery chose to engage in another retraining program offered by AISA—a program the District asserts is a drastic deviation from the rehabilitation plan it offered. The District claims that AISA retraining was minimal in comparison to the offered programs at ATU and that the outcome of the services offered by AISA would result in a level of education or competency inferior to the programs offered at ATU. The District claims her decision to engage in retraining only with AISA demonstrates an affirmative step toward refusing the services the District had offered. As such, she is not entitled to wage-loss benefits. With these arguments in mind, we turn our attention to the testimony before the ALJ.

Both Tillery and Taylor testified before the ALJ. Tillery testified regarding her desire to continue working and the steps she had taken to do so. She expressed an interest in, and

5

was motivated to learn, new skills so that she could continue working at a lighter-duty type employment. Instead of attending the computer classes offered by the District at ATU, Tillery enrolled in similar classes at the Adult Education Center in Van Buren. Taylor testified that Tillery's computer classes at the Van Buren Adult Education Center were the same types of classes she had recommended Tillery take at the Ozark campus. Taylor further acknowledged that the skills Tillery was currently pursuing would lead to jobs within her FCE guidelines. Because the formal programs she recommended would not begin until August 2021, Taylor did not believe that Tillery had refused any program available to her. In fact, Taylor commended Tillery's effort in attempting to obtain additional skills to allow her to obtain employment in lighter-duty work.

The Commission found that Tillery had not refused the District's offer of rehabilitation and, in fact, was engaging in an effort to obtain new skills. In reviewing decisions from the Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if they are supported by substantial evidence, i.e., evidence that a reasonable person might accept as adequate to support a conclusion. *Logan Cnty. v. McDonald*, 90 Ark. App. 409, 206 S.W.3d 258 (2005). We do not reverse the Commission's decision unless it is clear that fair-minded persons could not have reached the same conclusion if presented with the same facts. *Foxx v. Am. Transp.*, 54 Ark. App. 115, 924 S.W.2d 814 (1996). Such is not the case here. On these facts there was sufficient evidence on which the Commission could find that the District failed in its burden of showing that Tillery's refusal to participate in the specific

6

programs of vocational rehabilitation or job-placement assistance offered by it or through some other affirmative action indicated an unwillingness to cooperate in those endeavors and that such refusal to cooperate was without any reasonable cause. Therefore, we affirm on this issue.

Next, we turn to Tillery's wage-loss-disability claim. She claims that no reasonable person would believe that the amount awarded by the Commission was adequate on the basis of her earning capacity. She notes that this award is significantly lower than her anatomical-impairment award, and given her obvious physical restrictions and limited education and job skills, she is not employable in any significant capacity. She notes that even Taylor was unable to identify any employers who would provide a job to her given her education level and job experiences.

In the instant case, the Commission considered Tillery's age, her limited education, and her prior work history as a custodian and her related skills. It also considered Tillery's inability to perform the same types of work she had performed in the past because of physical limitations related to her back injury and her ability to obtain future employment upon retraining in arriving at its determination that Tillery's future earning capacity had been affected by her compensable injuries. The Commission's findings are based on the appropriate wage-loss factors, and its opinion adequately discusses the rationale that underlies that finding.

Tillery, in effect, is requesting that we reweigh the evidence and credibility findings made by the Commission; however, we will not do so because it is the Commission's duty

7

to make credibility determinations and to weigh the evidence. The issue is not whether we might have reached a different result from that reached by the Commission or whether the evidence would have supported a contrary finding. *Id.* We will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *Id.*

Considering the fact-intensive nature of this inquiry in which the specific facts of this claimant's age, abilities, education, physical limitations, motivation, demeanor, and any other factors deemed relevant are to be considered, we hold that reasonable minds could conclude that Tillery was entitled to 10 percent wage-loss-disability benefits. Because the Commission's decision is supported by substantial evidence, we affirm.

Affirmed on direct appeal and on cross-appeal.

ABRAMSON and BROWN, JJ., agree.

*Walker Law Group, PLC*, by: *Eddie H. Walker, Jr.*, for appellant.

*Ledbetter, Cogbill, Arnold & Harrison, LLP*, by: *Laura J. Pearn*, for separate appellees Alma School District and Arkansas School Boards Association.